RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 6/17/05
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MONTOYA JORDAN | CIVIL ACTION NUMBER 05-0531 |
| VERSUS | SECTION "P" |
| USA | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMENDATION

Before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, **MONTOYA JORDAN**, ("Petitioner") pursuant to 28 U.S.C. §2241 on March 21, 2005. Petitioner is currently incarcerated at the United States Penitentiary in Pollock, Louisiana, names the USA as respondent. This § 2241 *habeas corpus* petition was referred to the undersigned Magistrate Judge for review, report and recommendation pursuant to this court's standing order.

### PROCEDURAL HISTORY

On September 20, 2000, Petitioner was convicted in the United States District Court for the Northern District of Texas. [Rec. Doc. 3-1, p.1]. On May 13, 2002, the Fifth Circuit Court of Appeals affirmed his conviction. According to Petitioner, the grounds raised in the appeal included: insufficiency of the evidence, and failure to prove jurisdiction and venue. [Doc. 3-1, p.2].

Petitioner states that he filed a motion to vacate, set

aside, or correct his sentence pursuant to 28 U.S.C. §2255. [Doc. 3-1 p. 4] According to Petitioner, the grounds raised include: (1) ineffective assistance of counsel; (2) role in the offense; (3)restitution; and (4) sentence correction.

In the present petition, Petitioner challenges the execution of his sentence. Petitioner asserts that the trial court's restitution order is ambiguous because the court failed to specify the manner and set scheduling of restitution installment payments. [Rec. Doc. 1, p. 2]. He urges that the BOP is improperly calculated restitution payments, and is withdrawing them from his account. [Doc. 1, p.6]. He asserts that this is improper and the trial court did not specify that restitution payments were to be made while he was incarcerated. [Id.].

Petitioner seeks relief in the form of a vacated restitution order, and re-sentencing of the ordered restitution.

## **LAW AND ANALYSIS**

Section 2241 is the proper vehicle used to attack the manner in which a sentence is being executed, and §2255 is the proper means of attacking errors that occurred during or before sentencing. *Ojo v. INS*, 106 F.2d 680, 683 (5th Cir.1997). "A petition under §2241 attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided for under [28 U.S.C.] §2255 is 'inadequate or ineffective to test the legality of his

2

detention.' " *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111 (5th Cir. 1990) citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

## Exhaustion of Administrative Remedies

*Habeas corpus* relief is available to a person who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254, 2241. However, the right to pursue *habeas* relief in federal court is qualified. It is well settled that a petitioner in state custody seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts with the first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas*, 117 F.3d 233 (5th Cir. 1997).

The exhaustion requirement applies equally to federal prisoners seeking habeas relief. A §2241 petitioner must first exhaust his administrative remedies through the Bureau of Prisons before proceeding to federal court. Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). (Upholding the district court's

3

dismissal for failure to exhaust administrative remedies within the BOP system) See also United States v. Gabor, 905 F.2d 76, 78 (5th Cir. 1990).

Petitioner has failed to exhaust administrative remedies before proceeding to federal court. He must pursue these remedies before his claims can be reviewed by this court. Additionally, this gives BOP officials an opportunity to correct any errors in his sentence calculation, at the same time creating a record this court can utilize to review his claims.

For the above reasons, **IT IS RECOMMENDED** that this action should be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust administrative remedies.

### OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date**

of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ___ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5